**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID PAUL RUFF, | No. 12-17340 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02789-KJM-CKD |
| v. | |
| D. VANLEER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

California state prisoner David Paul Ruff appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging excessive force and inadequate medical care. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to exhaust, *Sapp v. Kimbrell*, 623 F.3d 813,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

821 (9th Cir. 2010), and we affirm.

The district court properly dismissed Ruff's action because Ruff failed to exhaust his administrative remedies, and to establish either that administrative remedies were effectively unavailable or that he should have otherwise been excused from having to exhaust. *See Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006) (proper and timely exhaustion of administrative remedies is a prerequisite to filing suit in federal court); *Sapp*, 623 F.3d at 818 (discussing administrative exhaustion requirements under California regulations); *Nunez v. Duncan*, 591 F.3d 1217, 1224, 1226 (9th Cir. 2010) (describing limited circumstances under which administrative remedies may be rendered effectively unavailable or an inmate may be excused from exhausting them).

**AFFIRMED.**